Michael KOPEC, Plaintiff,

v.

Officer Tyrone TATE and Township of Whitemarsh, Defendants.

No. CIV.A. 02–CV–430.

United States District Court, E.D. Pennsylvania.

Oct. 21, 2002.

Jon J. Auritt, Media, PA, for Plaintiff.

Joseph J. Santarone, Jr., Marshall, De-nehey, Warner, Coleman & Goggin, Nor-ristown, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is the Motion for Summary Judgment of Defendants, Officer Tyrone Tate ("Defendant" or "Officer Tate") and Township of Whitemarsh. In this case, Plaintiff Michael Kopec ("Plaintiff") brought a civil rights claim and state law claims against Defendant Officer Tyrone Tate and a civil rights claim against Defendant Township of Whitemarsh. Plaintiff brings claims against Defendant under 42 U.S.C. § 1983, alleging that his rights were violated pursuant to the First, Fourth, and Fourteenth Amendments. Additionally, Plaintiff brings claims under state tort law for willful misconduct and intentional infliction of emotional distress. Plaintiff does not contest Defendants' motion on Plaintiff's claim against the Township of Whitemarsh. For the reasons that follow, the Court will grant summary judgment.

## BACKGROUND

On February 3, 2000, Plaintiff Michael Kopec and his girlfriend Pamela Smith (whom Plaintiff later married) trespassed onto a frozen pond, which was surrounded by a fence, located in Smith's apartment complex. In response to an anonymous phone call, Defendant Officer Tate arrived at the scene and directed Plaintiff and Smith to get off the frozen pond, ending their playful time on the ice. Initially, Officer Tate did not charge them with any violation, but Defendant required their names and addresses in order to file a routine report. Plaintiff refused to disclose such information, and subsequently as a result, Defendant Officer Tate arrested him for trespassing. Plaintiff was then handcuffed. Soon thereafter, Plaintiff complained that the handcuffs were too tight. Plaintiff contends that the handcuffs caused him excruciating pain and he

requested several times that they be loosened. Meanwhile, Defendant Officer Tate was interviewing Smith nearby. After Plaintiff fell to his knees in pain, Defendant came over to Plaintiff and readjusted Plaintiff's handcuffs. Plaintiff was arrested, taken to the police station, and charged with a citation for disorderly conduct. Plaintiff alleges injuries caused by this incident. Defendants now move for summary judgment, claiming that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law because they are immune from suit.

## DISCUSSION

### I. Legal Standard

In deciding a motion for summary judgment under Fed.R.Civ.P. 56(c), a court must determine "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir.1999) (internal citation omitted). When making this determination, courts should view the facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *See, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). For its part, the non-moving party must, through affidavits, admissions, depositions, or other evidence, demonstrate that a genuine issue exists for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making its showing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the

material facts," *id.* at 586, 106 S.Ct. 2548, and must produce more than a "mere scintilla of evidence in its favor" to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the non-moving party fails to create "sufficient disagreement to require submission [of the evidence] to a jury," the moving party is entitled to judgment as a matter of law. *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. 2505.

### II. Plaintiff's Civil Rights Claims Under § 1983

#### 1. Fourth Amendment Excessive Force Claim

Plaintiff alleges that Defendant Officer Tate violated his civil rights under the Fourth Amendment by using excessive force during the course of Plaintiff's arrest. Specifically, Plaintiff contends that Defendant purposefully handcuffed Plaintiff with excessive tightness and maliciously refused to loosen the handcuffs within a reasonable time after Plaintiff complained about the pain caused by the handcuffs. Defendant asserts a defense of qualified immunity.

As the initial inquiry into whether the qualified immunity defense applies, this Court considers the threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).[1]

---

**1.** In *Saucier v. Katz*, the Supreme Court held that the inquiries into excessive force and qualified immunity remain distinct. 533 U.S. 194, 204, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Since the Court did not rest their conclusion on the excessive force determination but rather on qualified immunity, *id.* at

208, 121 S.Ct. 2151, we will also examine whether qualified immunity bars this suit, using the two-step analysis laid out in *Saucier*. We consider Plaintiff's excessive force claim in determining *Saucier*'s threshold question of whether a constitutional right has been violated.

Plaintiff contends that his Fourth Amendment right was violated because of excessive force used in his arrest. Plaintiff speculates that Defendant possibly applied the handcuffs with excessive tightness because of annoyance or irritation. In reviewing the record, however, we find that Defendant Officer Tate acted with "objective reasonableness" in executing a routine arrest. *See Graham v. Connor*, 490 U.S. 386, 396–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Under the facts alleged, Plaintiff has not shown that Defendant did not act under the objective standard of reasonableness, and as such, Plaintiff has failed to establish a constitutional violation. Therefore, this Court finds that there is no genuine issue of material fact regarding whether Defendant violated a constitutional right by handcuffing the Plaintiff. Defendant is entitled to judgment as a matter of law because a constitutional right has not clearly been violated.

Assuming *arguendo* that the constitutional violation allegation could have been established, we will move to the next sequential step in the qualified immunity analysis: The constitutional right that has been allegedly violated must be "clearly established." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151.

Defendant Officer Tate handcuffed Plaintiff pursuant to a lawful arrest for trespassing. Plaintiff alleges that Defendant handcuffed him with excessive tightness and then delayed in loosening the handcuffs for up to ten minutes after Plaintiff's complaints. Following his training as a police officer and his common

sense, Defendant assessed the situation and then readjusted Plaintiff's handcuffs. After reviewing the record, this Court finds that there is no genuine issue of material fact regarding whether a reasonable officer would consider Defendant's actions in this situation to be unlawful. Rather, it appears to the Court that this routine arrest is a clear example of when qualified immunity applies to protect a police officer from liability for civil damages. *See Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (holding that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). Therefore, since there is no dispute in material fact as to whether a reasonable officer would consider Defendant's actions during the course of the arrest as clearly unlawful and Defendant is entitled to judgment as a matter of law, we find that qualified immunity applies and summary judgment is appropriate.

### 2. Plaintiff's First Amendment Claim

Plaintiff also alleges that his First Amendment right was violated because he was "punished" for refusing to give Defendant Officer Tate information regarding his name and address. Plaintiff concedes that it was not unreasonable for Defendant to request such information, and Plaintiff also concedes that there was probable cause to arrest him for trespassing. Since Plaintiff was handcuffed pursuant to a lawful arrest and Plaintiff has failed to allege facts that show Defendant could have reasonably believed he was clearly acting unlawfully, Plaintiff has failed to show that his constitutional right was violated because of his silence. For the reasons stated above, qualified immunity shields Defendant from Plaintiff's First Amendment claim as well.

III. *Plaintiff's State Tort Claims*

Plaintiff's Complaint alleges intentional, willful misconduct and intentional infliction of emotional distress. Defendant argues that he is immune from Plaintiff's state law claims under the Pennsylvania Political Sub–Division Tort Claims Act, 42 Pa. C.S.A. § 8541 ("Tort Claims Act"). Section 8541 of the Tort Claims Act provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." This immunity extends to employees of the local agency under § 8545, which states: "An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter." Although the Tort Claims Act provides state and municipal officials with immunity from liability for damages resulting from their acts, immunity under the Tort Claims Act does not extend to "acts that are judicially determined to be crimes, actual fraud, actual malice, or willful misconduct." *Renk v. City of Pittsburgh,* 537 Pa. 68, 641 A.2d 289, 292 (1994); *see* 42 Pa.C.S.A. § 8550; *see also Phillips v. Heydt,* 197 F.Supp.2d 207 (E.D.Pa. Apr. 18, 2002).

■ After reviewing the record, however, this Court finds that there is no genuine issue of material fact as to whether Defendant acted with actual malice or willful misconduct. Plaintiff has not presented any evidence to suggest that Defendant handcuffed Plaintiff and delayed in loosening the handcuffs out of malice. This Court also finds that Defendant's actions during the course of the arrest did not constitute willful misconduct. In addition, Defendant Officer Tate's actions do not fall within any other appropriate exception to the Tort Claims Act. Therefore, since Defendant is covered by the Tort Claims Act and there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law, summary judgment is granted on all state law claims.

## CONCLUSION

An appropriate Order follows.

### *ORDER*

AND NOW, this 16th day of October, 2002, upon consideration of the Defendants Officer Tyrone Tate and Township of Whitemarsh's Motion for Summary Judgment and Plaintiff's response thereto, it is hereby ORDERED that, for the reasons set forth in the accompanying Memorandum, the Motion is GRANTED.